891 F.2d 299
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Andries J. STOLTZ and Dieter H.F. Kallenbach.
 No. 89-1487.
 United States Court of Appeals, Federal Circuit.
 Nov. 24, 1989.
 
 Before ARCHER, Circuit Judge, BALDWIN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Andries J. Stoltz and Dieter H.F. Kallenbach (collectively Stoltz) appeal from the decision of the Board of Patent Appeals and Interferences (Board) of the United States Patent and Trademark Office affirming the rejection, under 35 U.S.C. § 103, of the sole remaining claim in Stoltz's application for patent, Serial No. 687,568. We affirm.
 
 OPINION
 
 2
 The invention disclosed and claimed in the application relates to a device for cleaning the submerged surface of a swimming pool. Specifically, the invention is directed to a water interruption type pool cleaner having an automatic valve comprising a contractible tubular member which is adapted to contract sufficiently to create a water flow interruption through the device. Movement in and around the pool is accomplished by the reaction of forces generated by this water flow interruption.
 
 
 3
 The Raubenheimer patent, No. 3,803,658, discloses a device for cleaning the submerged surface of a swimming pool whereby movement is accomplished using a water flow interruption method. According to Raubenheimer, the valve means for creating water flow interruption may take a variety of forms. The Lambert patent, No. 3,883,074, discloses "[a] hydraulic oscillator for providing a pulsating outlet flow from a steady inlet flow" comprising, inter alia, a "flexible, collapsible-walled tubular portion."
 
 
 4
 The Board held the claimed invention unpatentable and concluded that "the examiner ... presented evidence establishing a prima facie case of obviousness against the appealed claim." Specifically, the Board found that "[o]ne of ordinary skill in the art would have found [the invention] obvious from the combined teachings of Raubenheimer and Lambert" and that "the statements in Lambert concerning the advantages of a contractible tubular member vis-a-vis the conventional moving parts that were previously utilized to convert a steady flow or stream into an interrupted or oscillating stream would have provided adequate motivation or suggestion to one having ordinary skill in the art to have modified the valve of Raubenheimer in accordance with the teachings of Lambert." We agree.
 
 
 5
 The Board correctly concluded that Raubenheimer, when combined with the teachings of the Lambert patent, renders the invention claimed by Stoltz unpatentable for obviousness under 35 U.S.C. § 103. The Board was also correct in holding that the Lambert patent satisfies the test for analogous prior art set forth in In re Wood, 599 F.2d 1032, 1036, 202 USPQ 171, 174 (CCPA 1979), since, as the Board stated, reference "to a valve for controlling flow of a fluid through a passage, is clearly within the field of the appellants' endeavor."